**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Edward Poulsen, | No. CV-25-08120-PCT-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Jason Edward Poulsen's application for a period of disability and disability insurance benefits by the Social Security Administration ("SSA"). Plaintiff filed a Complaint with this Court seeking judicial review of that denial. (Doc. 1.) After reviewing the briefs (Docs. 16-18), and the Administrative Record (Doc. 13, "A.R."), the Court affirms.

## I. BACKGROUND

### A. Procedural History

Plaintiff filed for disability insurance benefits on November 1, 2021, alleging his disability began on March 18, 2021. (Doc. 16 at 2.) After initial and reconsideration denials, the SSA denied his claim on February 7, 2024. (*Id.*) On February 13, 2025, the SSA Appeals Council denied a request for review. (*Id.*) Plaintiff now asks the Court to review the denial pursuant to 42 U.S.C. § 405(g). (*Id.*)

### B. ALJ Determination

The ALJ concluded that Plaintiff "has not engaged in substantial gainful activity

since November 1, 2021, the application date." (A.R. at 24.) The ALJ then determined that Plaintiff had the following severe impairments: "asthma, chronic pain syndrome, anxiety disorder, schizoaffective disorder, and bipolar disorder." (*Id.*) The ALJ next concluded that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404." (*Id.* at 26.) The ALJ then determined that Plaintiff had the following residual functional capacity ("RFC"):

> to perform light work as defined in 20 CFR 416.967(b), but he can never climb ladders, ropes or scaffolds, and he can only occasionally balance, stoop, kneel, crouch, crawl, and climb ramps or stairs. He is limited to occasional exposure to vibrations, to extreme cold, and to concentrated dusts, fumes, odors, gases, poor ventilation, and other pulmonary irritants. He also must avoid all exposure to hazards such as unprotected heights and dangerous moving machinery. He is able to understand, remember, and carry out simple instructions, and he has the concentration, persistence and pace to perform simple and routine tasks. He is unable to perform fast-paced production rate pace-work (i.e. assembly line work), but can perform goal-oriented work. The claimant is limited to occasional interaction with the public, coworkers and supervisors, with no tandem tasks. He is limited to simple work-related decisions and only occasional changes within a routine work setting. In addition, he will be off task up to 10 percent of the workday in addition to regular breaks while remaining at the workstation.

(*Id.* at 29.)

The ALJ found that while Plaintiff was unable to perform past relevant work, he could perform a significant number of jobs in the national economy due to his age, education, work experience, and RFC. (*Id.* at 36-37.) Examples of such jobs include housekeeper, hand packager, and sales attendant. (*Id.* at 37.) Accordingly, the ALJ concluded that Plaintiff was not disabled from the alleged onset date through the date of the decision. (*Id.* at 38.)

## II.     LEGAL STANDARD

The district court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the ALJ's determination only if it is unsupported by substantial evidence or if it is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence

is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the entire record. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the entire record and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* (citation omitted). Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The substantial evidence threshold "defers to the presiding ALJ, who has seen the hearing up close." *Biestek v. Berryhill*, 587 U.S. 97, 108 (2019); *see also Thomas v. CalPortland Co.*, 993 F.3d 1204, 1208 (9th Cir. 2021) (noting substantial evidence "is an extremely deferential standard").

To determine whether a claimant is disabled, the ALJ follows a five-step process. See 20 C.F.R. § 416.920(a)(4). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(i), (b). If so, the claimant is not disabled, and the inquiry ends. *Id.* If the claimant is not working in a substantially gainful activity, then the claimant's case proceeds to step two. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. *Id.* § 416.920(a)(4)(ii), (c). If not, the claimant is not disabled, and the inquiry ends. *Id.* If the claimant's impairment is severe, then the inquiry proceeds to step three. *See id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of Part 404. *Id.* § 416.920(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, then the ALJ assesses the claimant's RFC to determine whether the claimant is still capable of performing past relevant work before moving to step four. *Id.* § 416.920(a)(4)(iv), (e)-(f). At step four, the ALJ must determine whether the claimant retains the RFC to perform the requirements of past relevant work. *Id.* If so, the claimant is not disabled, and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and

final step, where the ALJ determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. *Id.* § 416.920(a)(4)(v), (g). If so, the claimant is not disabled; if not, the claimant is disabled. *Id.*

## III.    DISCUSSION

Plaintiff argues the ALJ erred by improperly rejecting (1) the medical evidence from Dr. Shannon Tromp, and (2) his own symptom testimony. (Doc. 16 at 10-21.) The Court considers each claim in turn.

### A.    Medical Evidence

Plaintiff argues that the ALJ "failed to provide a rational explanation supported by substantial evidence as to why the assessment from Dr. Tromp was unpersuasive, and the ALJ failed to explain the ALJ's evaluation of the supportability and consistency factors with support from substantial evidence." (*Id.* at 15-16.)

Dr. Tromp examined Plaintiff on July 6, 2022 and opined that he "would likely have trouble with more detailed instructions" and would "likely have trouble with concentration and persistence in a competitive workplace." (A.R. at 561.) She further opined that "he would be impaired in interacting with the public, peers, and supervisors" and would have trouble adapting to change or stress. (*Id.*) Ultimately, the ALJ found Dr. Tromp's opinion "partially persuasive." (*Id.* at 35.)

An ALJ must assess all the medical evidence when formulating a claimant's RFC. 20 C.F.R. § 404.1545(a)(1). RFC is an administrative, not medical, finding concerning a claimant's ability to work. *Id.* § 404.1546. In examining medical evidence, an ALJ must articulate how persuasive he or she finds all the medical opinions from each doctor or other source. *Kitchen v. Kijakazi*, 82 F.4th 732, 739 (9th Cir. 2023). Under the revised regulations applicable here,[*] supportability and consistency are the "most important" factors for an ALJ to consider in this analysis. *Woods*, 32 F.4th at 791 (quoting 20 C.F.R.

---

[*] Plaintiff filed his benefits application after March 27, 2017, so the revised SSA regulations govern how the ALJ evaluates and considers medical opinions. *Woods v. Kijakazi*, 32 F.4th 785, 790 (9th Cir. 2022).

§ 404.1520c(a)). Supportability means the extent to which a medical source supports the medical opinion by explaining the relevant objective medical evidence. 20 C.F.R. § 404.1520c(c)(1). Consistency measures how a medical source compares with others; "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* § 404.1520c(c)(2). "[A]n ALJ need only provide 'an explanation supported by substantial evidence,'" not account for every possibility. *See Kitchen*, 82 F.4th at 740 (quoting *Woods*, 32 F.4th at 792).

The Court finds that substantial evidence supports the ALJ's evaluation of Dr. Tromp's opinion. In addressing consistency, the ALJ explained that although Dr. Tromp observed symptoms such as poor memory, confusion, and decreased intellectual capacity, Plaintiff at "other times showed largely intact mental functioning including appropriate cognition, language, abstract reasoning, and fund of knowledge, as well as average intelligence." (A.R. at 27.) In addition, the ALJ believed Dr. Tromp's assessments of these difficulties were vague and did not specify how they would limit Plaintiff in the workplace. (*Id.* at 35.) Based on a review of the overall record, the ALJ found that Plaintiff only showed moderate limitations in these areas. (*Id.* at 27.)

Plaintiff argues that "the ALJ had a duty to develop the record further" if he felt that Dr. Tromp's assessments were vague. (Doc. 16 at 14-15.) Although the ALJ may not have addressed each part of Dr. Tromp's opinion, the Court reviews the decision as a whole and may look to "all the pages" of the ALJ's decision in determining whether substantial evidence supports the findings. *Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022) (emphasis in original). Read in context, the decision makes it clear that the ALJ's decision was supported by medical reports detailing Plaintiff's mental functioning in direct conflict with the opinion of Dr. Tromp. (*See* A.R. at 415, 783-85, 870-73.) Where, as here, the record contains conflicting evidence but also substantial evidence supporting the ALJ's interpretation, the Court must defer to the ALJ's resolution of those conflicts. *Matney ex*

- 5 -

*rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).

Therefore, substantial evidence supports the ALJ's decision to find Dr. Tromp's opinion partially persuasive due to inconsistency with other medical evidence. Any alleged deficiency in the supportability discussion would therefore be harmless. *See Woods*, 32 F.4th at 792-94, 793 n.4 (suggesting that even where an ALJ provides no supportability analysis for a medical opinion, the ALJ may properly find the opinion unpersuasive so long as there is an inconsistency finding supported by substantial evidence); *Archunde v. Comm'r of Soc. Sec. Admin.*, No. CV-24-01993-PHX-JAT, 2025 WL 520534, at *6 (D. Ariz. Feb. 18, 2025). Accordingly, the ALJ adequately explained his evaluation of Dr. Tromp's opinion under the applicable regulations, and substantial evidence supports his finding that the opinion was only partially persuasive.

### B.    Symptom Testimony

Plaintiff also argues that the ALJ failed to specify which portions of his testimony the ALJ found not credible and that the ALJ failed to provide "specific, clear, and convincing reasons," supported by the record, for discounting Plaintiff's subjective symptom testimony. (Doc. 16 at 16.) Plaintiff particularly points to his testimony regarding his mental symptoms persisting "despite multiple medication trials." (*Id.* at 19.)

In evaluating a claimant's subjective symptom testimony, an ALJ applies a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). If there is such objective evidence, and "no evidence of malingering," "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). The question on review is not whether the Court is convinced, but whether the ALJ's rationale is "clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022)

(emphasis added). In making this determination, the ALJ may consider inconsistencies between the claimant's testimony and the objective medical evidence, treatment history, and daily activities. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014).

The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but that Plaintiff's "statements concerning the intensity, persistence, and limiting effects of [those] symptoms [were] not entirely consistent with the medical evidence and other evidence in the record." (A.R. at 30.)

Because the ALJ made no finding of malingering, the question is whether he articulated specific, clear, and convincing reasons for discounting Plaintiff's testimony. The ALJ did so. He explained that Plaintiff's "mental health conditions have remained largely stable and well-managed during the relevant period." (*Id.*) The ALJ further reasoned that Plaintiff's record indicated inconsistencies with anxiety and depression symptoms, improvement in functioning with medication, overall intermittent symptoms, and lack of overwhelming impairments. (*Id.* at 31.) These are recognized bases for discounting subjective symptom testimony. *See Thomas*, 278 F.3d at 959 (holding that inconsistencies between subjective complaints and objective medical evidence is a clear and convincing reason for discounting claimant's testimony); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability.").

There is substantial evidence to support the ALJ's reasoning. Although Plaintiff testified of disabling mental health struggles, the record indicates that Plaintiff has experienced a largely stable mood overall. (*See, e.g.*, A.R. at 414, 556, 1154, 1638.) Plaintiff has also denied anxiety and depression symptoms several times. (*See* A.R. at 524, 526, 528.) The record further shows examples of Plaintiff claiming functional improvement with medication without side effects. (*See, e.g.*, A.R. at 415, 566, 569, 1135.)

Finally, Plaintiff often demonstrated mostly normal functioning with his cognition, attitude, memory, concentration, and other tracked areas of function, demonstrating a lack

of overwhelming impairments. (*See, e.g.*, A.R. at 415-16, 612-14, 782-85, 994-96.) Viewed as a whole, the ALJ adequately identified which aspects of Plaintiff's testimony were inconsistent with the record and provided clear and convincing reasons, supported by substantial evidence, for discounting his subjective symptom allegations.

**IV.   CONCLUSION**

For the foregoing reasons, the Court finds that substantial evidence supports the ALJ's decision.

**IT IS ORDERED affirming** the ALJ's decision (A.R. at 22-38).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter final judgment consistent with this Order and close this case.

Dated this 15th day of June, 2026.

Michael T. Liburdi
United States District Judge